B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>VERA CHESNOKOVA | **DEFENDANTS**<br>WELLS FARGO BANK, NATIONAL ASSOCIATION |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Peter M. Iascone & Associates, Ltd.<br>117 Bellevue Avenue, Newport, RI 02840<br>(401) 848-5200 | **ATTORNEYS** (If Known)<br>Peter M. Iascone<br>Gregory P. Sorbello |
| **PARTY** (Check One Box Only)<br>■ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for the imposition of sanctions against the Defendant for violation of the provisions of 11 U.S.C. Section 524.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
■ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Vera Chesnokova | BANKRUPTCY CASE NO.<br>1:10-bk-15025 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Rhode Island | DIVISION OFFICE<br>Providence | NAME OF JUDGE<br>Votolato |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Peter M. Iascone | | |
| DATE<br>March 21, 2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Peter M. Iascone | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF RHODE ISLAND

Re:   VERA CHESNOKOVA                                    Docket No: 1:10-bk-15025
                    Debtor                               Chapter 7

| | |
|---|---|
| VERA CHESNOKOVA ) | |
|                     Plaintiff ) | |
| ) | |
| vs.     ) | AP No: _____ |
| ) | |
| WELLS FARGO BANK, NATIONAL ) | |
| ASSOCIATION ) | |
|                     Defendant ) | |

## ADVERSARY COMPLAINT

1. This Complaint is filed by the Debtor, VERA CHESNOKOVA, (hereinafter "Plaintiff" or "Debtor") in the above encaptioned converted Chapter 7 case. This Honorable Court has jurisdiction over this proceeding, which arises in a case filed pursuant to the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding.

2. The Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION, (hereinafter "Defendant") is a FDIC insured banking institution with a principal place of business located at 101 N. Phillips Avenue, Sioux Falls, South Dakota. At all times relevant hereto the Defendant is the successor to Wachovia Mortgage, FSB.

3. The Defendant received actual notice of the Plaintiff's Bankruptcy filing.

4. Since Plaintiff's Bankruptcy Filing the Defendant has proceeded to undertake actions to collect a pre-petition and/or pre-conversion debt and to otherwise force, coerce, harass and/or embarrass Plaintiff into paying said pre-petition / pre-conversion debt in violation of the Discharge Injunction, 11 U.S.C. § 524.

5. Defendant, despite actual notice of the Discharge Injunction as aforesaid, has *inter-alia* repeatedly and continually directly communicated with the Plaintiff, the sole purpose of which was to coerce, harass, embarrass and/or force the Plaintiff to pay said pre-petition debt in violation of the Discharge Injunction pursuant to 11 U.S.C. § 524.

6. At no time after receiving the aforesaid actual notice of the Discharge Injunction did Defendant cease its collection activities.

7. Defendant's attempts to collect the debt, constitute willful violations of the Discharge Injunction pursuant to 11 U.S.C. § 524.

8. Defendant's conduct as aforesaid in connection with the illegal collection of the debt was done with the intent to harass, abuse and/or oppress the Plaintiff.

9. Defendant 's actions in attempting to illegally collect a debts subject to the Discharge Injunction provisions of 11 U.S.C. § 524 after actual notice of the same was unfair, unreasonable, unconscionable, willful, wanton and malicious.

10. As a result of Defendant's said conduct referenced, *supra* Plaintiff suffered damages.

   WHEREFORE, Plaintiffs pray this Honorable Court:

   1. Order Defendant to forthwith cease any and all collection activities and billings;
   2. Find the Defendant in willful contempt of this Honorable Court for violating 11 U.S.C. § 524;
   3. Award Plaintiff damages, costs and attorney's fees pursuant to 11 U.S.C. § 105(a);
   4. Award Plaintiff actual damages;
   5. Order any and all such other relief as is just and proper.

                                          The Debtor,
                                          By her attorneys,
                                          /s/ Peter M. Iascone
                                          Peter M. Iascone    No. 3125
                                          Gregory P. Sorbello No. 6564
                                          Peter M. Iascone & Associates, Ltd.
                                          117 Bellevue Avenue
                                          Newport, RI 02840
                                          (401) 848-5200
                                          (401) 846-8189 facsimile
                                          iascone@law.necoxmail.com

Dated:  March 21, 2012

# **CERTIFICATION**

I hereby certify that on the 21st day of March 2012 I electronically filed the Adversary Complaint with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF system. The following participants have received notice electronically: None.

I hereby certify that on March 21, 2012 I mailed by First Class Mail, United States Postal Service, postage prepaid, the document and copy of the notice of electronic filing the following non CM/ECF participants:

Thomas P. Quinn, Esquire
McLaughlin & Quinn, LLC
148 West River Street, Suite 1E
Providence, RI 02904

Ann Marie Maccarone Esquire
Partridge Snow & Hahn LLP
2364 Post Road Suite 100
Warwick RI 02886

I hereby certify that on March 21, 2012 I mailed by, **Certified Return Receipt Requested and First Class Mail**, United States Postal Service, postage prepaid, the Adversary Complaint and copy of the notice of electronic filing the following non CM/ECF participants:

Wells Fargo Bank, National Association
101 N. Phillips Avenue
Sioux Falls, SD 57104

Wells Fargo Bank, NA
4101 Wiseman Blvd., T7416-023
San Antonio, TX 78251

/s/ Peter M. Iascone